KEVIN HOOGSTRATEN (SBN 333533)
Email: khoogstraten@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: + 1 (424) 332-4816
Facsimile: + 1 (424) 332-4749

BENJAMIN J. RAZI (*pro hac vice* forthcoming)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington DC, 20001
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 778-5463

Attorneys for Defendants Dennis
Zember, Jr. and Primis Financial Corp.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| LOTFI MEHDIAN and THE MEHDIAN 126 FAMILY TRUST,<br><br>        Plaintiffs,<br><br>        v.<br><br>DENNIS J. ZEMBER JR., an Individual; PRIMIS FINANCIAL CORP., a Virginia corporation d/b/a PRIMIS BANK; and DOES 1-20, INCLUSIVE,<br><br>        Defendants. | Case No.: 2:24-cv-01692<br><br>**DEFENDANTS DENNIS J. ZEMBER, JR. AND PRIMIS FINANCIAL CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT** |

Defendants Dennis J. Zember, Jr. ("Zember") and Primis Financial Corporation ("Primis") (collectively, "Defendants") hereby notice removal of this civil action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, Western Division. This Court has jurisdiction pursuant to both 28 U.S.C. § 1331 and 28 U.S.C. § 1332(a)(1).

## I.   PROCEDURAL HISTORY

1. On December 19, 2023, plaintiffs Lotfi Mehdian ("Mehdian") and the Mehdian 126 Family Trust ("Trust") (collectively, "Plaintiffs") initiated this action by filing a complaint ("Complaint") in the Superior Court of the State of California, County of Los Angeles. A true and correct copy of the Complaint, assigned Docket No. 23STCV30899, is attached to the Declaration of Kevin Hoogstraten ("Hoogstraten Decl.") as **Exhibit 1**.

2. Defendants accepted service of the Complaint on January 31, 2024 via execution of Notices and Acknowledgment of Receipt. Plaintiffs served Defendants with a copy of the Complaint, a Summons, a Notice of Case Assignment, an Alternative Dispute Resolution (ADR) Information Package, a First Amended General Order re Mandatory Electronic Filing, a Voluntary Efficient Litigation Stipulation Packet, and a Notice of Case Management Conference (CMC). A true and correct copy of the Summons is attached to the Hoogstraten Declaration as **Exhibit 2**. A true and correct copy of the Notice of Assignment is attached to the Hoogstraten Declaration as **Exhibit 3**. A true and correct copy of the ADR Information Package is attached to the Hoogstraten Declaration as **Exhibit 4**. A true and correct copy of the First Amended General Order is attached to the Hoogstraten Declaration as **Exhibit 5**. A true and correct copy of the Voluntary Efficient Litigation Stipulation Packet is attached to the Hoogstraten Declaration as **Exhibit 6**. A true and correct copy of the Notice of CMC is attached to the Hoogstraten Declaration as **Exhibit 7**.

3.     Exhibits 1 through 7 constitute all of the process, pleadings, and orders served on Defendants in this case, and are attached hereto pursuant to 28 U.S.C. § 1446(a).  No substantive motions are currently pending in the state court.

4.     In the Complaint, Plaintiffs assert five causes of action: a claim for violation of the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq*., against both Defendants, a breach of contract claim against both Defendants, a negligence claim against both Defendants, an intentional misrepresentation claim against Zember, a negligent misrepresentation claim against Zember.  *See* Complaint ¶¶ 44-77.

## II.     PARTIES

5.     Plaintiff Mehdian "is a resident of Los Angeles County," California. *Id.* ¶ 1.

6.     Plaintiff Trust "is a trust formed under the laws of the state of California." *Id.* ¶ 2.

7.     Primis is a corporation incorporated in the commonwealth of Virginia. *Id.*¶ 4.  Primis has its principal place of business in Fairfax County, Virginia.  *Id.*

8.     The Complaint alleges that Zember is a resident of the commonwealth of Virginia.  *Id.* ¶ 3.  Zember is in fact a resident of Florida.  *See* Hoogstraten Decl. Ex. 8 (SEC Form 4, Statement of Changes in Beneficial Ownership, signed by Zember on December 15, 2022 and noting Zember's residence in Jacksonville, Florida.

## III.     TIMELINESS OF REMOVAL

9.     Defendants accepted service of the Complaint on January 31, 2024 via execution of Notices and Acknowledgment of Receipt.  *See* Hoogstraten Decl. Exs. 9-10.[1]

---

[1] Plaintiffs have not yet filed the executed Notices on the state court docket.

10.     This Notice of Removal is therefore timely pursuant to 28 U.S.C. § 1446(b) and Rule 6(a) of the Federal Rules of Civil Procedure.  *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that the 30-day removal period runs from formal service of process).

## IV.    PROPRIETY OF VENUE

11.     This Court is a proper venue for this action, pursuant to 28 U.S.C. § 1441(a).  The Western Division of the United States District Court for the Central District of California embraces Los Angeles County, where the state court action is now pending.  *See* 28 U.S.C. § 84(c)(2).

## V.     BASIS FOR REMOVAL JURISDICTION

### A.     The Court has subject matter jurisdiction under 28 U.S.C. § 1332

#### 1.     There is complete diversity of citizenship.

12.     Removal is proper under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiffs and Defendants, the amount in controversy exceeds $75,000, exclusive of interest and costs, and all other requirements for removal have been satisfied.

13.     Plaintiffs are both citizens of California.

14.     The Complaint alleges that Plaintiff Mehdian is a resident of California.  *See* Complaint ¶ 1.  A natural person's citizenship is determined by their domicile which is "her permanent home, where she resides with the intention to remain or to which she intends to return."  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

15.     The Complaint alleges that Plaintiff Trust "is a trust formed under the laws of the state of California and managed by Lotfi Mehdian as trustee."  Complaint ¶ 2.  "A trust has the citizenship of its trustee or trustees."  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

16.     No Defendant is a citizen of California.

17.     As the Complaint correctly alleges, Primis is incorporated under the

laws of the commonwealth of Virginia and has its principal place of business in Fairfax County, and is thus a citizen of Virginia.  *See* Complaint ¶ 4.

18.  The Complaint alleges that Defendant Zember is a resident of Virginia.  *See* Complaint ¶ 4.  Zember is in fact a citizen of Florida, where he resides.  *See* Hoogstraten Decl. Ex. 8.  In either case, Zember is not a citizen of California, and there is complete diversity between Plaintiffs and Defendants.

**2.      The amount in controversy exceeds $75,000.**

19.  Under 28 U.S.C. § 1332(a), diversity subject matter jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs."  A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  "Evidence establishing the amount" in controversy is not required to be included with the notice of removal, and is required only "when the plaintiff contests, or the court questions, the defendant's allegation."  *Id*.

20.  This case concerns two wire transfers of funds from Plaintiffs' account at Defendant Primis bank, of which Defendant Zember is the CEO.  The Complaint alleges that "there were two unauthorized withdrawals of funds" from Mehdian's account: "[t]he first in the amount of $4,500, the second in the amount of $245,000."  Complaint ¶ 13.  The Complaint further alleges that "[u]der the Electronic Fund Transfer Act [EFTA], 12 CFR 1005.11, Primis was required to complete its investigation *and credit* Mr. Mehdian's account."  Complaint ¶ 24 (emphasis added).

21.  In the EFTA cause of action, which is pled against both Defendants, Plaintiffs repeat their allegation that Primis failed to credit Mehdian's bank account for "a disputed funds transfer."  Complaint ¶ 62.  Plaintiffs seek "statutory damages, actual damages, treble damages, and reasonable costs and attorneys' fees" under EFTA.  Complaint ¶ 65.

DEFENDANTS ANDREW HELMHOLD, BIG FISH GAMES, INC., AND ARISTOCRAT LEISURE LIMITED'S
NOTICE OF REMOVAL

22.   Plaintiffs also bring a breach of contract claim, in which they allege that "Defendants breach the Agreement by . . . failing to restore the account balance of Mr. Mehdian." Complaint ¶ 68. There, Plaintiffs explicitly allege that [a]s a direct result of Defendant's breach of the Agreement, Mr. Mehdian has suffered damages in the amount of at least $245,000 in amounts owed to her [sic], plus interest on those funds, plus attorneys fees." Complaint ¶ 69.

23.   Based on the allegations in the Complaint, the amount in controversy exceeds $75,000. Because the amount in controversy exceeds $75,000 and there is complete diversity, this case is properly removable under 28 U.S.C. § 1441.

**B. The Court has subject matter jurisdiction under 28 U.S.C. § 1331**

24.   As a separate and independent basis for jurisdiction, the Court possesses "federal question" jurisdiction pursuant to 28 U.S.C. §1331 because this action arises under 15 U.S.C. § 1693 *et seq*.

25.   Under 28 U.S.C. § 1331, district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." Plaintiffs bring a claim for violation of EFTA, a federal statute. *See* Complaint ¶¶ 57-65. "[T]here is no serious debate that a federally created claim for relief is generally a 'sufficient condition for federal-question jurisdiction.'" *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 377 (2012) (citation omitted) (holding that federal courts possessed jurisdiction over Telephone Consumer Protection Act claims).

26.   Because the EFTA cause of action arises under federal law, the Court can exercise supplemental jurisdiction over the Complaint's remaining state-law causes of action.

27.   Supplemental jurisdiction is proper where the federal and state claims "form part of the same case or controversy under Article III." 28 U.S.C. § 1367. This requirement is satisfied when the claims "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Trustees of the Constr. Indus. & Laborers Health & Welfare Tr. v. Desert*

*Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) (citations and internal quotation marks omitted).

28.    Plaintiffs' EFTA claim derives from the allegedly fraudulent and unauthorized transfers from Plaintiffs' bank account, and Defendants' allegedly inadequate response.  The Complaint's four state-law claims all revolve around the same alleged facts.

29.    Plaintiffs allege that Defendants breached a contract by failing to "resist attempts by unauthorized persons to obtain monies . . . from Mr. Mehdian's deposit account" and "failing to restore the account balance."  Complaint ¶ 68 (fourth cause of action).

30.    Plaintiffs allege that Defendants were negligent in that they "failed to exercise ordinary, or due, or reasonable care, to keep Mr. Mehdians' [sic] funds safe."  Complaint ¶ 73 (fifth cause of action).

31.    Plaintiffs allege that Zember "falsely and maliciously communicated to Mr. Mehdian . . . that $4,500 of Mr. Mehdian's money had been re-credited."  Complaint ¶ 46 (first cause of action).

32.    Plaintiffs allege that Zember negligently communicated to Mr. Mehdian that his money had been re-credited.  Complaint ¶ 54 (second cause of action).

33.    As such, the Court can adjudicate Plaintiffs' state law claims.

**VI.    NOTICE TO STATE COURT AND PLAINTIFFS**

34.    Counsel for Defendants certify that, pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, and served upon counsel for Plaintiffs promptly.

35.    WHEREFORE, the case now pending in the Superior Court of the State of California, County of Los Angeles, No. 23STCV30899, is hereby removed to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1441.

DATED:  March 1, 2024

By:  */s/ Kevin Hoogstraten*
Kevin Hoogstraten (SBN 333533)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: + 1 (424) 332-4816
Facsimile: + 1 (424) 332-4749

Benjamin J. Razi (*pro hac vice forthcoming*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington DC, 20001
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 778-5463

*Attorneys for Defendants Primis Financial Corp. and Dennis J. Zember, Jr.*

DEFENDANTS ANDREW HELMHOLD, BIG FISH GAMES, INC., AND ARISTOCRAT LEISURE LIMITED'S
NOTICE OF REMOVAL